authority of the plaintiff, by means whereof she is lost to the plaintiff, he may, in trover, recover the value of the slave. But if the plaintiff assented to the defendant's taking the slave to New England either before or after he took her, and she was lost without any negligence or omission of the defendant, the plaintiff is not entitled to recover.

2. In trover for a slave, the plaintiff cannot recover if he has obtained judgment against the defendant in a previous suit for the hire of the slave to a period subsequent to the commencement of the action of trover; but if, in making his claim for the hire of the slave, he did not mean to charge for the hire to a period later than the commencement of the action of trover, then such mistaken claim and the judgment thereon are not conclusive evidence against the plaintiff in the action of trover.

Trover for a slave. This cause having come on to trial again upon the amended pleadings [Case No. 12,655].

Mr. Key and Mr. Morfit, for plaintiff.
Mr. Coxe, for defendant.

THE COURT, at the prayer of the plaintiff's counsel, instructed the jury, that if they believed from the evidence that the defendant, without the consent or authority of the plaintiff carried his female slave away to N. Hampshire and did not bring her back again and return her to the plaintiff, and that by reason of her being so carried away, the plaintiff has lost her, the plaintiff is entitled to recover the value of the slave. But at the prayer of the defendant, further instructed the jury that if they should find from the evidence that the plaintiff had claimed and recovered judgment against the defendant for the hire of the slave up to a time subsequent to the institution of this suit, such claim and judgment are conclusive evidence of a waiver, by the plaintiff, of any unlawful conversion by the defendant prior to the commencement of this suit, and the plaintiff is not entitled to recover in this action. But if the plaintiff, in making his claim for the hire of the slave, upon which he had recovered judgment, did not mean to charge for the hire of the slave to a period later than the commencement of this suit, then such mistaken claim so made by the plaintiff, and the judgment thereon, are not conclusive against the plaintiff in this action.

THE COURT further instructed the jury, at the prayer of the defendant, that if they should find from the evidence that the plaintiff assented to the taking of the slave to New England, either before or after the defendant took her, and that such slave was lost without any negligence or omission of the defendant, the plaintiff is not entitled to recover.

Verdict for the plaintiff, $360, and judgment.

[See Case No. 12,760.]

SEMMES (SHERBURNE v.). See Case No. 12,760.

---

## Case No. 12,657.

SEMMES v. SPRIGG.

[4 Cranch, C. C. 292.] [1]

Circuit Court, District of Columbia. March Term, 1833.

LANDLORD AND TENANT — RENT — DISTRESS — APPRAISEMENT.

Messrs. Turner and Redin, for plaintiff.
Messrs. Key and Dunlop, for defendant.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the appraisement, made at the time of levying the distress, is prima facie evidence of the value of the goods distrained.

---

## Case No. 12,658.

SEMMES et al. v. WILSON.

[5 Cranch, C. C. 285.] [1]

Circuit Court, District of Columbia. March Term, 1837.

NOTES—SALE OF OVERDUE FORGED NOTE—CONSIDERATION.

1. The jury cannot infer that the plaintiffs agreed to run the risk of a note's being a forgery, because it was passed to them long after it was dishonored, and at a discount of 10 per cent. and interest less than its nominal amount.

2. A person who sells a note is always understood as affirming that it is what it purports to be, namely, a genuine note.

3. If it is not what it purports to be, it is nothing, and may be treated as a nullity; and it is not material whether it be given in payment of an antecedent debt, or in exchange for goods immediately sold and delivered, or to be sold and delivered at a subsequent day.

[Cited in brief in Boyd v. Mexico Southern Bank, 67 Mo. 539.]

4. In the first case, it would be no payment; in the second and third cases, there would be a total failure of the consideration; and the person who has parted with his property, in expectation of a consideration, which has failed, may resort to his original cause of action.

5. To enable a plaintiff, who has received from his debtor a forged note, in payment of a precedent debt, to recover upon his original cause of action, it is not necessary for the plaintiff to prove that the defendant knew that the note was forged, when he passed it to the plaintiff, or that he passed it fraudulently.

6. It is only necessary for him to prove that the note was forged, and was passed to him by the defendant, for a valuable consideration, after it was dishonored.

7. It is not necessary that the plaintiff should prove, that he had instituted suits against the maker and indorser of the note, and failed to recover in such suits.

8. He has a right to establish the forgery in a suit directly against the party who passed the note to him.

9. If the innocent bona fide holder of a forged note, which he has received for a valuable consideration, passes it to another innocent person, bona fide, and for a valuable consideration, without indorsing it; although not liable upon the note, he is liable for the amount he has received for it, provided the other party has not been guilty of such negligence as would deprive the person from whom he received the note, of his remedy

[1] [Reported by Hon. William Cranch, Chief Judge.]